IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
NWABUEZE OKOCHA,                    )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )     1:06CV00275
                                    )
PATRICIA L. ADAMS, M.D.,            )
K. PATRICK OBER, M.D.,              )
WILLIAM B. APPLEGATE, M.D.,         )
M.P.H.,                             )
WAKE FOREST UNIVERSITY SCHOOL       )
OF MEDICINE,                        )
WAKE FOREST UNIVERSITY,             )
                                    )
     Defendants.                    )
```

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

Plaintiff Nwabueze Okocha ("Plaintiff") filed this action against Defendants Drs. Patricia L. Adams, K. Patrick Ober, William B. Applegate, Wake Forest University School of Medicine, and Wake Forest University, alleging causes of action under the U.S. Constitution, various federal statutes, and North Carolina law. This matter is before the court on various motions filed by Plaintiff. For the reasons stated below, the court will partially grant Plaintiff's motion to stay summary judgment proceedings pending discovery and deny Plaintiff's remaining motions.

## I. BACKGROUND

On March 24, 2006, Plaintiff filed his complaint along with a motion for a temporary restraining order and/or preliminary injunction, which was deferred to be addressed at a preliminary injunction hearing. After the hearing, the court denied the motion, and Plaintiff appealed the order to the Fourth Circuit. Based in part on evidence presented at the hearing, Defendants moved to convert their previously filed motion to dismiss to a motion for summary judgment. On July 28, 2006, Defendants filed their motion for summary judgment. Shortly thereafter, Plaintiff's counsel moved to withdraw as attorney and filed a motion for extension of time to allow Plaintiff to complete discovery and respond to the motion for summary judgment. While awaiting the court's ruling on the motion to withdraw, Plaintiff twice more requested additional time to complete discovery before being required to respond to the motion for summary judgment, first in his response to the motion to withdraw and then, in a motion and amended motion for extension of time. Plaintiff also filed a motion for recusal of the undersigned from the case, which the court found to be without merit and denied.

On November 14, 2006, the court granted Plaintiff's counsel's motion to withdraw, and in response to Plaintiff's several requests, the court allowed Plaintiff additional time, specifically until December 19, 2006, to respond to Defendants'

2

motion for summary judgment.  On the deadline for Plaintiff's response, Plaintiff submitted a motion to stay the summary judgment proceedings pending completion of discovery.[1]  Plaintiff has since filed both a motion to stay pretrial and trial proceedings pending appellate review of the interlocutory appeal of the court's denial of Plaintiff's motion for preliminary injunction and a motion to amend or modify the order denying Plaintiff's motion to recuse the undersigned from the case.  Currently before the court are Plaintiff's two motions to stay and Plaintiff's motion to amend or modify judgment.

**II. ANALYSIS**

    A. Motion to Stay Proceedings Pending Discovery

    Plaintiff waited to file his motion to stay summary judgment proceedings pending discovery until the day the extended time for him to respond to Defendants' summary judgment motion expired.  Plaintiff has now had a total of eight months in which to respond to the motion for summary judgment.  Plaintiff has also known since approximately August 2006 that his attorney wished to withdraw from the case, but since that time, the court is not aware of any efforts on Plaintiff's part to locate new counsel or to undertake discovery.  As the Fourth Circuit has held, "the

---

[1] Plaintiff's Motion to Stay Proceedings on Defendants' Summary Judgment Motion Pending Discovery was filed in duplicate and numbered 54 and 56 in the file, the only difference being that document 56 includes a proposed order granting the motion.

3

non-moving party on a motion for summary judgment may not sit idly by as the deadline to respond approaches; instead, the non-moving party must timely respond to the motion . . . ." Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995).

Summary judgment, however, is generally "appropriate only after 'adequate time for discovery,'" and according to Federal Rule of Civil Procedure 56(f), "[s]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (citations omitted). As such, Rule 56(f) allows the court to delay summary judgment proceedings if the non-moving party submits an affidavit articulating reasons why the party requires additional discovery. See Nguyen, 44 F.3d at 242 (citations omitted). Although he did not do so until his third request for an extension of time and after Defendants emphasized that he had not done so, Plaintiff did submit an affidavit meeting the requirements of Rule 56(f).

Despite the delays Plaintiff has caused to date, the court finds that Plaintiff has adequately demonstrated that he has not had a full opportunity to conduct discovery. As far as the court is aware, because the case moved directly from the motion to dismiss to the summary judgment stage, a Rule 26(f) report was not filed. Therefore, the parties never proceeded to the formal

4

discovery stage, and Plaintiff was unable to discover information essential to his response. Because Rule 56(f) requires summary judgment to be refused under these circumstances, the court finds that Plaintiff should have additional time to complete discovery. In granting this request, the court takes into consideration the already lengthy delay in the case with no efforts by Plaintiff to move forward with discovery.

Therefore, the court will stay summary judgment proceedings until July 5, 2007, during which time the parties shall complete all discovery. After such time, Defendants will have 30 days within which to renew their motion for summary judgment should they decide such a motion is appropriate. As the court previously stated, it is for Plaintiff to determine whether he will retain counsel for further proceedings.

B. Motion to Stay Pending Appeal of Interlocutory Orders

Plaintiff's second motion to stay seeks to postpone the proceedings in this court during the appeal of the court's denial of Plaintiff's motion for preliminary injunction. The appeal of the disposition of a preliminary injunction motion does not divest the trial court of its jurisdiction to proceed on the merits. E.g., Moltan Co. v. Eagle-Picher Indus., Inc.,, 55 F.3d 1171, 1174 (6th Cir. 1995); see Arkansas Best Corp. v. Carolina Freight Corp., 60 F. Supp. 2d 517, 518 (W.D.N.C. 1999) (citations omitted). Therefore, the court is in no way required to stay

proceedings while Plaintiff's appeal is pending.  Although the court has the power to grant a stay in its discretion, the decision to do so involves "weigh[ing] competing interests and maintain[ing] an even balance."  <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254-55, 57 S. Ct. 163, 166 (1936).  Furthermore, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative."  <u>Williford v. Armstrong World Indus., Inc.</u>, 715 F.2d 124, 127 (4th Cir. 1983).

The court finds that Plaintiff has not met this burden.  Defendants will surely be harmed by enduring additional delay if a stay is granted, especially in light of the delays they have already experienced and will further experience with the entry of this order.  Moreover, Plaintiff has not provided the court with any valid reason, let alone clear and convincing circumstances, to justify granting the stay despite the harm to Defendants.  At the preliminary injunction hearing, Plaintiff presented virtually no evidence in support of his motion, and his counsel admitted that there was insufficient evidence to grant the injunction.  Therefore, it appears that Plaintiff seeks to delay trial court proceedings to pursue a seemingly frivolous appeal.  In addition, the issues on appeal from the preliminary injunction denial bear little similarity to the merits of the case itself which are before this court.  Proceeding without a stay will allow both

Plaintiff to have his appeal heard and the parties to proceed on the merits, without divesting either court of its jurisdiction or unfairly prejudicing the parties.  A stay would only serve to delay proceeding on the merits of the case.  Therefore, the court will deny Plaintiff's motion to stay pending appeal.

    C. Motion to Amend or Modify Judgment

    Plaintiff also moves pursuant to Federal Rule of Civil Procedure 59(e) to amend or modify the judgment denying Plaintiff's motion for recusal, citing the order's inaccurate and incomplete basis in law or fact.  Rule 59(e) applies only to final judgments.  See <u>Fayetteville Investors v. Commercial Builders, Inc.</u>, 936 F.2d 1462, 1469 (4th Cir. 1991).  An order on a motion for recusal is not a final judgment, but rather, an interlocutory order that is not subject to appeal.  <u>E.g.</u>, <u>United States v. Betancourt</u>, 128 Fed. Appx. 335, 336 (4th Cir. 2005).  Therefore, the court cannot amend the order under Rule 59(e), nor can Plaintiff appeal the ruling before final judgment.  Instead, a motion to reconsider the interlocutory order pursuant to Rule 54(b) is the appropriate avenue for relief.[2]  However, even if the court were to reconsider Plaintiff's motion under Rule 54(b), it would be denied.

---

[2] Rule 54(b) provides that "any order . . . which adjudicates fewer than all the claims . . . is subject to revision at any time before the entry of judgment adjudicating all the claims . . . ."  Fed. R. Civ. P. 54(b).

There are two sections in the United States Code pursuant to which a party may request that a judge be recused from a case, Title 28 U.S.C. §§ 144 and 455. Plaintiff clearly filed his motion for recusal pursuant to section 455. This section expressly vests a judge with the authority to rule on a recusal motion, as it states "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a) (2007), and includes a list of circumstances under which a judge "shall also disqualify himself . . . ." § 455(b). Repeating many of the same arguments found in his motion to recuse, Plaintiff argues that the undersigned should have disqualified himself under sections 455(a), (b)(1), and (b)(4) due to the conflict of interest and appearance of impartiality created by the undersigned and a member of Defendants' counsel serving on the Board of Visitors of the School of Law (the "Board") at Wake Forest University. In denying the motion to recuse, the court considered all the requirements of section 455, as discussed in the court's Order of December 8, 2006 (the "December 8 Order"), and found that the facts Plaintiff alleged did not create the appearance of impropriety or otherwise require recusal.

Therefore, the court stands by its ruling and will not reconsider it under section 455.[3]

Plaintiff next argues the applicability of Title 28 U.S.C. § 144, which states that when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice . . . such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144 (2007). In his motion to amend judgment, Plaintiff argues for the first time that because he filed an affidavit pursuant to section 144, the undersigned did not have the authority to rule on the motion for recusal and should have automatically recused himself. While Plaintiff did file an affidavit alleging bias or prejudice, Plaintiff's assertion that the undersigned did not have the authority to rule on the motion pursuant to section 144 is incorrect.

It is well settled that "[t]he filing of [a section 144] affidavit does not itself automatically effect the ouster."

---

[3] Plaintiff argues that some of the statements in the December 8 Order relating to the Board's association with Wake Forest University are false and inaccurate, but the court disagrees. Plaintiff's citation to the Board's purpose statement does not in any way contradict or show that the court's statements were inaccurate. It appears that Plaintiff likens the undersigned to a trustee of Wake Forest University, but this is not the case. Instead, the undersigned serves the School of Law in an advisory capacity, having no authority to act for, fiduciary duty toward, or financial interest in Wake Forest University.

9

Marty's Floor Covering Co. v. GAF Corp., 604 F.2d 266, 268 (4th Cir. 1979) (citation omitted).

> A judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged . . . . It is equally his duty, however, to deny the relief claimed on account of the facts stated in the affidavit if they are legally insufficient, as it is to grant relief if they are sufficient.

Sine v. Local No. 922 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989) (citation omitted). Part of the legal sufficiency analysis is determining whether the facts in the affidavit "support an allegation of legally cognizable bias or prejudice." Deal v. Warner, 369 F. Supp. 174, 176 (W.D. Mo. 1973) (citations omitted) (emphasis added). If they do not, the judge has a duty not to recuse himself. Id.

While the court did not expressly mention section 144 in the December 8 Order, the court performed a legal sufficiency analysis in rendering its decision. The main facts upon which Plaintiff's affidavit rests are that the undersigned and one of Defendants' counsel are members of the Board, that this information was not disclosed to the court, and that Wake Forest University is a party in this case. Although these allegations are factually correct, they are insufficient as a matter of law to support a motion for recusal because they do not set forth a legally cognizable claim for recusal.[4] Stated differently, on

---

[4] The December 8 Order provides a more detailed discussion
(continued...)

10

the facts alleged, the law does not provide for recusal. Plaintiff also references the record in the case, including statements made by the undersigned, in an attempt to demonstrate bias, but the court finds nothing in the record that is legally sufficient to support an allegation of bias or prejudice against Plaintiff. Plaintiff's remaining allegations are conclusory statements alleging impropriety and bias that do not state specific supporting facts. Such conclusory allegations do not constitute the "clear averments" or "statement of facts" required to support a motion for recusal and thus are insufficient to justify disqualification. <u>Duplan Corp. v. Deering Milliken, Inc.</u>, 400 F. Supp. 497, 513 (D.S.C. 1975) (citations omitted). Because the undersigned not only had the authority but a duty under section 144 to pass upon the legal sufficiency of the affidavit and to dismiss Plaintiff's motion if it did not state a legally cognizable claim of bias or prejudice, the court holds that the undersigned properly considered and ruled upon the motion for recusal. Therefore, the court will deny Plaintiff's motion to amend or modify judgment.

**III. CONCLUSION**

For the foregoing reasons,

---

[4](...continued)
of why Plaintiff's factual allegations do not amount to a legally cognizable claim for recusal. Rather than reciting the substance of that order here, the court refers the parties to the order and incorporates it herein.

11

IT IS ORDERED that Plaintiff's Motion to Stay Proceedings on Defendants' Summary Judgment Motion Pending Discovery [54 and 56] is granted in part. Proceedings will be stayed until July 5, 2007, to allow parties to conduct all discovery in the case. Defendants will thereafter have a period of thirty days in which to renew their motion for summary judgment should they decide such motion is appropriate. The court files this order in lieu of a Rule 26(f) order.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay [58] is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend or Modify Judgment [59] is denied.

This order dispenses with each of Plaintiff's pending motions. Because the court has now addressed numerous attempts by Plaintiff to stay or otherwise delay the summary judgment proceedings, the court wishes to make clear that it will not grant any further motions by Plaintiff to stay or continue the proceedings or for an extension of time beyond that which it has already granted.

This the 9th day of April 2007.

_____
United States District Judge